# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Esha R. Crowder as Personal Representative of the Estate of Tresy S. Crowder, | Civil Action No.: 5:15-cv-02827-JMC |
| Plaintiff, | |
| v. | **ORDER APPROVING SETTLEMENT** |
| Continental Tire The Americas, LLC, COSSI Holdings, LLC d/b/a SpeeDee Oil Change and Auto Service, and SpeeDee Worldwide Corporation d/b/a SpeeDee Oil Change and Auto Service, | |
| Defendant. | |

**THIS MATTER** comes before the court on the verified Petition of Esha Rahaun Crowder, as Personal Representative of the Estate of Tresy Sheron Crowder, seeking approval by this court of a proposed confidential settlement agreement between Petitioner and Defendants COSSI Holdings, LLC d/b/a SpeeDee Oil Change and Auto Service and SpeeDee Worldwide Corporation d/b/a SpeeDee Oil Change and Auto Service (together the "SpeeDee Defendants"). Based on the record and the testimony presented, I make the following findings.

1. On or about July 19, 2012, in Calhoun County, South Carolina, the Decedent, Tresy Sheron Crowder, was involved in an accident while traveling as a passenger in a 1998 Ford Explorer ("Subject Vehicle") operated by Sharhonda Tervell Turnipseed. Petitioner alleged the left rear tire ("Subject Tire") experienced a tread separation, thereby causing the accident. Tresy Sheron Crowder received injuries in this accident and ultimately died from those injuries.

2. Esha Rahaun Crowder alleged that the Subject Tire was defective and that the tire failure was a cause of the said accident. The underlying Complaint alleges claims against SpeeDee Defendants sounding in negligence, recklessness, willfulness and wantonness.

Page 1 of 5

3. SpeeDee Defendants admit that they conducted an oil change and limited inspection of the vehicle. However, SpeeDee Defendants deny that the death of Tresy Sheron Crowder was the result of any negligence, recklessness, willfulness or wantonness on its part. SpeeDee Defendants specifically deny the breach of any duty, deny that the Subject Tire was on the vehicle when it was with them for service, or that the tire was defective, and they deny liability. SpeeDee Defendants, nevertheless, in the interest of compromise, has offered to pay a confidential settlement amount presented to the Court to Esha Rahaun Crowder, as Personal Representative of the Estate of Tresy Sheron Crowder, in settlement of any and all claims brought by Esha Rahaun Crowder, as Personal Representative of the Estate of Tresy Sheron Crowder, including any claims that were brought under South Carolina Wrongful Death and Survival Statutes. The full and final settlement amount to be paid to Esha Rahaun Crowder, as Personal Representative of the Estate of Tresy Sheron Crowder, and the heirs and statutory wrongful death beneficiaries by and through the Personal Representative, Esha Rahaun Crowder is a settlement of all claims against SpeeDee Defendants.

4. SpeeDee Defendants are insured in an amount in excess of the settlement reached in this case.

5. I find that the settlement funds to be paid by SpeeDee Defendants shall be allocated in full to the wrongful death cause of action.

6. I find that Petitioner fully understands that the payments are made to effect a full and final settlement and disposition of any and all claims of Esha Rahaun Crowder, as Personal Representative of the Estate of Tresy Sheron Crowder, and of the heirs and statutory beneficiaries of Tresy Sheron Crowder arising, occurring against SpeeDee Defendants, their affiliates, entities, divisions, their respective heirs, agents, apparent agents, servants,

shareholders, employees, former employees, officers, board members, and their heirs, predecessors, successors and assigns and all other persons, firms, entities, and insurers, as a result of the injuries and/or death referenced above.

7. It appears that Petitioner and Petitioner's attorney have fully investigated the matter, and that, after giving careful consideration to all aspects of the situation, have concluded that the settlement is fair and advantageous from the standpoint of Esha Rahaun Crowder, as Personal Representative of the Estate Tresy Sheron Crowder, and the heirs at law, and the statutory beneficiaries, and have asked this court to approve the same.

8. Petitioner is represented by Ronnie L. Crosby, Randolph Murdaugh, IV, R. Alexander Murdaugh and Austin H. Crosby of Peters, Murdaugh, Parker, Eltzroth and Detrick, PA in Hampton, South Carolina. SpeeDee Defendants are represented by Clarke W. DuBose of Haynsworth Sinkler Boyd, P.A.

9. Counsel for Petitioner has rendered services for the Estate which consist of: deposing numerous fact witnesses including investigating officers, occupants of the subject vehicle, and eye witnesses; hiring an accident reconstruction expert, a forensic tire expert with experience in manufacturing and design of tires, and an economist to evaluate the economic loss suffered by the statutory beneficiary. In addition, counsel for the Estate has conducted extensive written discovery.

10. In consideration of the above-mentioned legal services performed in this case, counsel for Petitioner is seeking approval of fees totaling 40% of the confidential settlement amount.

11. This action was prosecuted along with seven other cases that arose from the same accident. In the interest of judicial economy, all of the cases were consolidated for discovery purposes. The costs associated with bringing the action was prorated among the different cases.

12. I find that Tresy Sheron Crowder died intestate. I find that the beneficiary of the Estate is TLC-E (minor daughter). I find that there are no outstanding creditors of record.

13. The parties have provided to the court a Confidential Release, Waiver and Indemnity Agreement on which they have agreed. The court finds the terms of that agreement are fair, reasonable, acceptable, appropriate and in the best interests of the Estate Tresy Sheron Crowder.

14. Upon observing and interviewing the parties and their attorneys, I have concluded that the settlement proposed is fair and just and in the best interest of Esha Rahaun Crowder, as Personal Representative of the Estate of Tresy Sheron Crowder, and to the statutory wrongful death beneficiaries of Tresy Sheron Crowder, by and through her Personal Representative, Esha Rahaun Crowder and that the same should be approved.

**IT IS, THEREFORE, ORDERED** that Petitioner be and hereby is empowered and directed to execute and deliver the Confidential Release Waiver and Indemnity Agreement.

**IT IS FURTHER ORDERED** that the confidential settlement amount presented to the court to be received by Petitioner in full and final settlement of any and all claims of the heir and beneficiary of said deceased and attorney's fees and costs are to be paid as set forth above and paid to Esha Rahaun Crowder as Personal Representative of the Estate of Tresy Sheron Crowder.

**FURTHER, IT IS ORDERED** all claims shall be forever ended with prejudice against SpeeDee Defendants, their affiliates, divisions, shareholders, and their respective heirs, agents,

apparent agents, servants, employees, former employees, insurers, officers, board members, and their heirs, successors and assigns.

**IT IS FURTHER ORDERED** that Petitioner's request for the approval of attorney's fees presented to the court is hereby approved as fair and reasonable.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 17, 2016
Columbia, South Carolina